**Appeal Reinstated; Motion Granted; Appeal Dismissed and Memorandum Majority and Concurring and Dissenting Opinions filed December 22, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00413-CV

## 34TH S&S, LLC D/B/A CONCRETE COWBOY AND DANIEL JOSEPH WIERCK, Appellants

## V.

## KACY CLEMENS AND CONNER CAPEL, Appellees

**On Appeal from the 113 District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-07278**

## CONCURRING AND DISSENTING MEMORANDUM OPINION

While I concur with granting appellants' unopposed motion to dismiss appeal, I do not agree that a statement in a certificate of conference that appellees are "not opposed" to the motion means that appellees "agree" to the motion. Every lawyer understands that difference.

The Texas Rules of Appellate Procedure state, "Absent agreement of the parties, the court will tax costs against the appellant." Tex. R. App. P. 42.1(d).

That's unambiguous, and the court should follow the rule.[1]

In addition, the court in its opinion states that the trial court's final judgment was signed on April 26, 2021. On appeal, the parties disputed whether the April 26, 2021 judgment was modified and therefore not the trial court's final judgment. The statement in the majority opinion declaring the trial court's final judgment to have been signed on April 26, 2021 appears to agree with appellants' argument that the final judgment was ***not*** modified by the July 19, 2021 signed order granting a motion to modify the judgment in which the trial court stated, "IT IS, FURTHER, ORDERED, ADJUDGED, AND DECREED that the Final Judgment will reflect actual damages for Plaintiff Conner Capel to include 'past physical disfigurement' and 'physical disfigurement that, in reasonable probability, Conner Capel will incur in the future' while omitting 'physical pain that, in reasonable probability will incur in the future' from Plaintiff Capel's actual damages."

I do not join the court's opinion that the April 26, 2021 is the final judgment. That is a disputed legal issue which we cannot determine when the appeal is moot, and I express no opinion on what constitutes the trial court's final judgment. I dissent to the court's failure to follow a mandatory rule on taxation of costs. Finally, I concur in granting appellants' motion for a voluntary dismissal of the appeal.

/s/     Charles A. Spain
        Justice

Panel consists of Chief Justice Christopher and Justices Spain and Wilson (Spain, J., concurring and dissenting).

---

[1] The fact that the appellees' costs are minimal doesn't mean the court gets to treat "not opposed" as "agreed."